UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA A. RICHARDS AND
BEECH D. RICHARDS,
    Plaintiffs,

v.

AMERICAN GENERAL LIFE
COMPANIES,
    Defendant

C.A. NO. 05-CV-40133FDS

**AMERICAN GENERAL LIFE COMPANIES', WHO IS MISNAMED AND SHOULD BE NAMED THE UNITED STATES LIFE INSURANCE COMPANY
in the CITY of NEW YORK,
ANSWER TO PLAINTIFF'S COMPLAINT**

I.  THE PARTIES

1. The Defendant, American General Life Companies, who is misnamed and should be named The United States Life Insurance Company in the City of New York, hereinafter referred to as US Life, is without knowledge as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. US Life is without knowledge as to the truth of the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. US Life admits that US Life is an insurance company licensed to sell insurance in the Commonwealth of Massachusetts and has a principle place of business in New Jersey. US Life is without knowledge as to the truth of the remainder of allegations contained in paragraph 3 of the Plaintiff's Complaint.

II.  JURISDICTION

4. Paragraph 4 of the Plaintiff's Complaint calls for a legal conclusion, therefore no response is required. To the extent a response is required, denied.

5. Based on the information contained in the claims file, US Life admits the allegations and further answers that, pursuant to the contract and the reimbursement agreement signed by Ms. Richards, US Life was entitled to deduct from her monthly benefit the amount of the social security disability benefit she received and any benefit her dependents received as a result of her disability.

60736.2

6. As to the first sentence, it calls for a legal conclusion thus no response is required. As to the second sentence the policy being a written document speaks for itself, thus no response is required.

7. US Life is without knowledge as to the position of the Plaintiffs other than what has been alleged in the Complaint. US Life denies that it has taken any position in the instant lawsuit other than what is contained in this Answer but further answers that all actions it took with regard to the policy were in accordance with its terms and conditions and the reimbursement agreement executed by Ms. Richards. US Life denies any allegations not otherwise admitted.

## COUNT I
## OFF-SET OF FUNDS WITHOUT THE BENEFIT OF CONTRACTUAL OBLIGATION
(Beech D. Richards v. American General Life Companies)

8. Based on the information contained in the claims file, the Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. Based on the information contained in the claims file, the Defendant admits the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. US Life is unaware of the employment status of Beech Richards. US Life answers that its actions were in accordance with the terms and conditions of the policy of insurance and the reimbursement agreement executed by Ms. Richards. US Life further answers that it took a deduction from Ms. Richards' monthly benefit pursuant to the policy and reimbursement agreement and it did not "take his [Beech Richard's] $618.00 benefit per month from the Social Security Administration..." US Life denies the remainder of the allegations contained in paragraph 10 of the Plaintiff's Complaint.

## COUNT II
## C. 176D, M.G.L.
(Beech D. Richards v. American General Insurance Company)

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

## COUNT III
## OFF-SET OF FUNDS WITHOUT THE BENEFIT OF CONTRACTUAL OBLIGATION
(Barbara A. Richards v. American General Life Companies)

60736.2

14. The Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

## COUNT IV
## VIOLATION OF M.G.L. C.16

15. The Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant requests that all counts against it be dismissed.  Defendant requests costs, fees and an award deemed just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, US Life has fully performed its contractual duties and Plaintiffs are estopped from asserting claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, US Life's handling of Plaintiff's claim for long term disability benefits complied fully with terms and conditions of the LTD Plan.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and complied fully with terms and conditions of ERISA.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that each and every act done or statement made by US Life with reference to the Plaintiff was a good faith assertion of US Life's rights and therefore was privileged and/or justified.

60736.2

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states the Complaint contains a misnomer and therefore should be dismissed as "American General Life Companies" is The United States Life Insurance Company of the City of New York.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that Plaintiffs claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant reserves its right to assert additional defenses up to time of trial.

AMERICAN GENERAL LIFE INSURANCE COMPANIES who is misnamed and should be named THE UNITED STATES LIFE INSURANCE COMPANY of the CITY of NEW YORK,
By its attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO# 5463221
Carey L. Bertrand, BBO# 650496
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

### Certificate of Service

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on July 12, 2006.

/s/ Carey Bertrand

60736.2